UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:09CV-P60-R

**NAKIA CORNEAL DILLARD**                                                         **PLAINTIFF**

**v.**

**VINCENT YUSTAS** *et al.*                                                      **DEFENDANTS**

## MEMORANDUM OPINION

This action is before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A. This statute requires the Court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *Id.* On initial review the Court must dismiss an action if it determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons explained below, the Court must dismiss Plaintiff's complaint because it fails to state a claim.

### I. STANDARD OF REVIEW

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (internal citations omitted). In reviewing a

complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  FACTS

Plaintiff, a convicted inmate incarcerated at the Western Kentucky Correctional Complex. has sued public defender Vincent Yates, Christian County Circuit Court Clerk Gary Haddock, and state prosecutor Patricia Lynn Pryor. Each defendant is sued in both his/her official and individual capacities.

Plaintiff explains the basis of his claims as follows:

On February 27, 2008, I filed a pro se motion to modify my sentence. As of February "09" I had heard nothing about my motion and began to investigate as to the reason why? I had not heard anything from the Courts. I first filed an open records request for a docket sheet and case history. After examining the docket sheet, I discovered that on 11/07/08 an order of denial. I immediately wrote the Clerk about this order and received no reply. After several weeks I wrote another letter which the clerk sent back with a small paragraph at the bottom stating my case was in the court of appeals.

> Knowing my motion was pro se and confused as to how it got into the Court of Appeals, I wrote the Appeals Clerk. The Clerk quickly responded stating that I had nothing pending in the Appeals Court (the Circuit Clerk gave me false information). The Circuit Clerks Failure to notify me that my motion was denied caused me to miss my window for appeal, effectively denying me my constitutional right to appeal the denial of my motion to modify my sentence and violated my civil rights of due process, V amendment, and XIV amendment.
>
> As to Vincent Yustas, Mr. Yustas was court appointment to represent me on a pending charge. However, somehow Mr. Yustas became involved in my pro se motion and received valuable information pertaining thereto (i.e. the order denying my motion to modify sentencing). Mr. Yustas after receiving said order failed to file a notice of appeal nor notify me that the moton was denied. In fact, Mr. Yustas done nothing at all to notify me of anything.
>
> As to Patricia Lynn Pryor, it is well established that in any pro se motion that the movant must receive any and all replies, orders, ect., to said motion, However, Mrs. Pryor filed a reply to my motion and failed to send me a copy of that reply, consequently violating my due process and civil rights. Her actions prohibited me form refuting anything she may have said wrong in her reply.

Plaintiff is seeking a new trial or release and sanctions against Defendants.

### III. ANALYSIS

Plaintiff's claims against the Defendants are pursued under 42 U.S.C. § 1983. Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. It has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). The full range of common law remedies is available to a plaintiff under § 1983. Release from custody, however, is not among the remedies available to a prevailing party under § 1983. *See Alstatt v. Smith*, No. 91-579, 1991 U.S. App. LEXIS 23277 (6th Cir. Oct. 1, 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("The injunctive relief sought by Alstatt, i.e., release from custody, is not

available through an action filed pursuant to § 1983.  When a state prisoner challenges 'the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'").  Thus, the relief that Plaintiff seeks is not available under § 1983, requiring dismissal of his complaint.

Additionally, the individuals sued by Plaintiff are either not amendable to suit or are immune under § 1983.

Defendant Yustas is a public defender.  Public defenders are not liable to suit under § 1983 because public defenders do not act under color of state law when representing indigent clients in criminal proceedings.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

Defendant Pryor is a prosecutor.  It is well-established that prosecutors enjoy absolute immunity from suits under § 1983 for conduct related to the initiation and presentation of the state's case.  *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002).  Drafting and serving responses to criminal motions are activities that are "intimately associated with the judicial phase of the criminal process."  *See Imbler*, 424 U.S. at 420.  Thus, Defendant Pryor has immunity from any claims arising from those activities.

Defendant Haddock is the Circuit Court Clerk.  "Judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions."  *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988).  The actions/inactions allegedly taken by Defendant Haddock fall squarely within his judicial duties as clerk.  Additionally, at

most, Plaintiff has alleged that Defendant Haddock was negligent.  Negligence, however, is not actionable under § 1983.  *See Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003).

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date:

cc:	Plaintiff, *pro se*

4413.008